AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Juan Gabriel Cerda Fernandez

*Defendant(s)*

Case No. 8:26-mj-2093-SPF

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of Oct. 18, 2011-May 21, 2026 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2); 18 U.S.C. § 1015(e); and 42 U.S.C. 408(a)(7)(B). | being an alien found in the United States without permission after removal; False Claim of United States Citizenship with Intent to Obtain a State Benefit; and False Representation of a Social Security Number. |

This criminal complaint is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Javier Martinez, Special Agent, ICE ERO
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 5/26/2026

[signature]
*Judge's signature*

City and state: Tampa, Florida

SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Javier Martinez, being duly sworn, hereby depose and state as follows:

1. I am employed as a Deportation Officer with the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), currently assigned to the Tampa, Florida Criminal Prosecutions Unit. I have been employed as a federal law enforcement officer since 2020. I have been employed with the Department of Homeland Security since January 2023.

2. As a Deportation Officer, I am charged with enforcing United States immigration laws, both administrative and criminal, including investigating violations of such laws and making arrests of removable aliens in accordance with these laws. I am a federal law enforcement officer with the authority to execute arrest and search warrants under the authority of the United States.

3. I submit this Affidavit in support of a criminal complaint charging Juan Gabriel CERDA FERNANDEZ (**"CERDA FERNANDEZ"**), a native and citizen of Mexico, with being an alien found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2); False Claim of United States Citizenship with Intent to Obtain a State Benefit, in violation of 18 U.S.C. § 1015(e); and False Representation of a Social Security Number, in violation of 42 U.S.C. 408(a)(7)(B). The statements contained in this affidavit are based on my personal knowledge and experience, and reliable information from other law enforcement officers and computer databases. Because of the limited purpose of this affidavit, I

have not included every fact known to me. Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

## PROBABLE CAUSE

4. On or about April 17, 2026, **CERDA FERNANDEZ** was referred to Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Fugitive Operations Tampa unit by the United States Citizenship and Immigration Services (USCIS) for Immigration enforcement.

5. On or about January 23, 2025, **CERDA FERNANDEZ**, applied for an immigration benefit with USCIS.

6. On or about August 28, 2025, as part of the application process, **CERDA FERNANDEZ**'s fingerprints and biometrics were collected at the USCIS Tampa application contract support center located at 4313 Gunn Highway, Tampa FL, 33618 in Hillsborough County which is in the Middle District of Florida.

7. On or about May 4, 2026, utilizing the fingerprint and biographic information shared by USCIS I performed an immigration records check using the Central Index System, fingerprints and biometrics, and reviewed some of the documents contained within **CERDA FERNANDEZ's** Alien File ("A-File"). Upon reviewing these sources, I determined that **CERDA FERNANDEZ** is a native and citizen of Mexico.

8. On or about March 19, 1987, **CERDA FERNANDEZ** was admitted to the United States as a Lawful Permanent Resident under the P4-3 immigrant class of

admission.

9. On or about July 25, 2002, **CERDA FERNANDEZ** was convicted in the Mississippi Circuit Court for Pike County of unlawful possession of more than five kilograms of marijuana with intent to distribute (case number 02-170-KB). For this offense, **CERDA FERNANDEZ** was sentenced to 30 years in the custody of the Mississippi Department of Corrections with 15 years to be served on post release supervision.

10. On or about April 5, 2005, **CERDA FERNANDEZ** was issued an I-862 (Notice to Appear) before an Immigration Judge in Louisiana. On April 26, 2005, an Immigration Judge ordered **CERDA FERNANDEZ** removed from the United States. On May 10, 2005, Immigration authorities removed **CERDA FERNANDEZ** from the United States to Mexico on foot via the Hildago, Texas Port of Entry.

11. On or about October 18, 2011, the Tennessee Highway Patrol arrested **CERDA FERNANDEZ** for the offense of driving on a suspended or revoked license, under the name of "Benancio Mata, Jr." At the time of his arrest, **CERDA FERNANDEZ** provided a Florida driver license in Benancio Mata Jr.'s name and Mr. Mata Jr.'s social security number. Investigators later determined that Mata, Jr. was a United States Citizen born in Brownsville, Texas.

12. On May 5, 2026, booking records were requested and received from the Greene County Sheriff's Office in Greenville, Tennessee for the above-mentioned

arrest from 2011. Immigration officials compared the photograph taken at the time of the arrest to the photograph taken at **CERDA FERNANDEZ**'s prior removal in 2005 and determined the photographs appear to depict the same person.

13. On May 4, 2026, a search of the Florida Driver's license **CERDA FERNANDEZ** provided was conducted utilizing a Florida government system. Records checks revealed that the Florida Driver's license originally issued on March 7, 2009, was renewed as a Commercial Driver's license on March 7, 2018, and had an expiration date of March 12, 2026. As part of the application process, **CERDA FERNANDEZ** provided Benancio Mata. Jr.'s United States birth certificate and social security card.

14. Immigration officials compared the photograph on **CERDA FERNANDEZ** driver's license described above to the photograph of **CERDA FERNANDEZ**'s prior removal from the United States in 2005 and determined the photographs appear to depict the same person. In addition, record checks also revealed that on or about February 20, 2026, **CERDA FERNANDEZ** applied for and was issued a temporary Florida Driver's license under his real name and identity. Immigration officials compared the photographs on **CERDA FERNANDEZ**'s Florida driver license obtained on or about February 20, 2026, with the license described in paragraph 13 and determined they appear to depict the same person.

15. Further, both Florida driver license applications listed the same residential address in Riverview, Florida and the same third-party certifier, Graciella Garcia. Record checks for Graciella Garcia identify her as the spouse of **CERDA FERNANDEZ**. On or about May 18, 2026, the Cameron County Department of Vital Statistics provided a verification letter confirming that **CERDA FERNANDEZ** and Graciella Garcia were married on July 31, 1991.

16. On or about May 4, 2026, immigration officials contacted the Social Security Administration (SSA), Office of The Inspector General (OIG) for assistance in verifying Benancio Mata. Jr.'s Social Security number. During the initial investigation, a Texas driver license belonging to Benancio Mata, Jr. was discovered. Immigration officials compared the photograph on the Texas Driver's license to the photograph on the Florida Commercial Driver's License obtained by **CERDA FERNANDEZ** described above in paragraph 13 and determined the photographs appear to depict two different individuals.

17. The initial investigation also revealed that Benancio Mata, Jr. had been receiving Social Security Disability since October of 2011 for a severe medical condition. Further, a State of Texas death certificate revealed that Benancio Mata, Jr. died on July 22, 2020; however, the Florida Commercial Driver's License described above in paragraph 13 obtained by **CERDA FERNANDEZ** in Benancio Mata, Jr.'s name was medically recertified on July 9, 2025.

18. On or about May 21, 2026, during a targeted immigration enforcement operation conducted by the ERO Tampa Fugitive Operations Unit, officers observed a male matching **CERDA FERNANDEZ**'s description exit his known residence in Riverview, Florida and enter a white Jeep.

19. The ERO Tampa Fugitive Operations unit initiated a traffic stop and made contact with a passenger of the vehicle who identified himself as Benancio Mata, Jr. and provided a digital copy of a Florida Commercial Driver's License bearing the same name.

20. ERO Tampa Fugitive Operations immigration officials identified this individual as **CERDA FERNANDEZ** and placed him under arrest and transported him to the ICE Tampa office without incident. Following the arrest, **CERDA FERNANDEZ**'s fingerprints and biographical information were collected and submitted through the Department of Homeland Security biometric identification database and compared with those taken prior to his removals from the United States. The database indicates that the fingerprints are from the same person.

21. Immigration officials are not aware of any evidence indicating that **CERDA FERNANDEZ** did not reenter the United States voluntarily.

22. No information exists, either in the A-File or the computer databases, showing that **CERDA FERNANDEZ** has received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official to either reenter the United States after having been previously

removed or to reapply for admission to the United States after having been previously removed.

## CONCLUSION

23. Based on the foregoing information, I respectfully submit that probable cause exists to believe that **CERDA FERNANDEZ** has violated of 8 U.S.C. § 1326(a) and (b)(2) (Illegal Reentry into the United States), 18 U.S.C. § 1015(e) (False Claim of United States Citizenship with Intent to Obtain a State Benefit), and 42 U.S.C. 408(a)(7)(B) (False Representation of a Social Security Number).

Javier Martinez
Deportation Officer, ICE-ERO

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) before me this 26th day of May, 2026.

HONORABLE SEAN P. FLYNN
United States Magistrate Judge